WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IN RE: Bard IVC Filters Products Liability Litigation,

No. MDL 15-02641-PHX-DGC

**ORDER**

The parties have filed updated reports on Track 3 cases with plaintiff profile form and service of process issues and Track 3 cases for which no federal jurisdiction exists. Docs. 20066, 20209, 20210, 20618. The Court will dismiss some of these cases without prejudice and transfer other cases to appropriate districts.

**A.     Cases without Federal Jurisdiction.**

Federal subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Courts "analyze federal question jurisdiction with reference to the well-pleaded complaint rule." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992). Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003). The complaint must establish either that "federal law creates the cause of action or that . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold &*

*Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

The master complaint in this MDL asserts seventeen state law claims. *See* Doc. 364 ¶¶ 166-349. Because the complaint asserts no federal claim and Plaintiffs' right to relief on the state law claims does not depend on resolution of a federal law question, the Court lacks subject matter jurisdiction under the federal question statute. *See* 28 U.S.C. § 1331; *Yokeno*, 973 F.2d at 809.

Subject matter jurisdiction must therefore be based on diversity of citizenship. *See Yokeno*, 973 F.2d at 809. District courts have diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000. 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between the parties – that is, the citizenship of the plaintiff must be diverse from the citizenship of each defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

For purposes of diversity jurisdiction, Defendant C. R. Bard, Inc. is a citizen of New Jersey and Defendant Bard Peripheral Vascular, Inc. is a citizen of Arizona. Doc. 364 ¶¶ 11-12; *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (noting that "a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business") (citing 28 U.S.C. § 1332(c)). Complete diversity does not exist, therefore, where the Plaintiff is a resident of either Arizona or New Jersey. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) ("Although diversity jurisdiction provides an independent basis for federal jurisdiction over state law claims, complete diversity is lacking in this case because both [plaintiff] and [defendant] are citizens of California.").

The parties' updated report identifies pending Track 3 cases in which diversity jurisdiction does not exist because the Plaintiff is either a resident of Arizona or New Jersey. Doc. 20210-1. In most of these cases, Plaintiffs agree to a dismissal without prejudice. *Id.* Plaintiffs in some cases oppose dismissal, but provide no reason why the cases should not be dismissed given the lack of subject matter jurisdiction. *See id.*

A district court may dismiss a case for lack of subject matter jurisdiction at any time during the pendency of the action. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (noting Rule 12(h)(3) permits a district court to "raise the question of subject matter jurisdiction[] sua sponte"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230-31 (9th Cir. 2006) (an MDL "transferee judge exercises all the powers of a district judge in the transferee district under the Federal Rules of Civil Procedure"). The following cases lack subject matter jurisdiction and are **dismissed without prejudice**:

| Case Caption | Case Number | Plaintiff's Residence |
|---|---|---|
| Stephen Albert v. C. R. Bard, Inc. | 2:18-cv-01010 | Arizona |
| Patricia Borg v. C. R. Bard, Inc. | 2:19-cv-04221 | Arizona |
| Annette Casey v. C. R. Bard, Inc. | 2:16-cv-02558 | Arizona |
| Frederick Hollister v. C. R. Bard, Inc. | 2:19-cv-03237 | Arizona |
| Chris Vandell v. C. R. Bard, Inc. | 2:17-cv-01549 | Arizona |
| James Chambers v. C. R. Bard, Inc. | 2:18-cv-04521 | Arizona |
| Elena Ruiz v. C. R. Bard, Inc. | 2:19-cv-01645 | Arizona |
| Sonja Lee Brumfield v. C. R. Bard, Inc. | 2:19-cv-03124 | Arizona |
| Catherine A. Bean v. C. R. Bard, Inc. | 2:19-cv-03468 | Arizona |
| James Dale Meredith v. C. R. Bard, Inc. | 2:19-cv-03605 | Arizona |
| Jan Louise Norquest v. C. R. Bard, Inc. | 2:19-cv-3609 | Arizona |
| Faith Crawford v. C. R. Bard, Inc. | 2:19-cv-04259 | Arizona |
| James Noa v. C. R. Bard, Inc. | 2:17-cv-02389 | Arizona |
| William Barben v. C. R. Bard, Inc. | 2:19-cv-2460 | New Jersey |
| Giles Bartosch v. C. R. Bard, Inc. | 2:18-cv-00058 | New Jersey |
| Edith Cruz v. C. R. Bard, Inc. | 2:18-cv-02432 | New Jersey |
| Melissa Czarnecki v. C. R. Bard, Inc. | 2:16-cv-01086 | New Jersey |
| William Engh v. C. R. Bard, Inc. | 2:19-cv-03080 | New Jersey |
| Renee Harris v. C. R. Bard, Inc. | 2:16-cv-01993 | New Jersey |

| Robert James Maiore v. C. R. Bard, Inc. | 2:18-cv-02772 | New Jersey |
|---|---|---|
| Carlos Mason v. C. R. Bard, Inc. | 2:19-cv-03762 | New Jersey |
| Erwin Melendez v. C. R. Bard, Inc. | 2:19-cv-01400 | New Jersey |
| Charles Miller v. C. R. Bard, Inc. | 2:19-cv-02544 | New Jersey |
| Marilyn Ann Ratz v. C. R. Bard, Inc. | 2:19-cv-00574 | New Jersey |
| Robert Russo v. C. R. Bard, Inc. | 2:18-cv-01287 | New Jersey |
| Saad Sabir v. C. R. Bard, Inc. | 2:18-cv-00328 | New Jersey |
| Katherine Varian v. C. R. Bard, Inc. | 2:19-cv-01611 | New Jersey |
| Dianna L. Kubik v. C. R. Bard, Inc. | 2:18-cv-04293 | New Jersey |
| Barbara S. Rossell v. C. R. Bard, Inc. | 2:18-cv-04307 | New Jersey |
| Sandra J. Farley v. C. R. Bard, Inc. | 2:19-cv-00844 | New Jersey |
| William H. Jackson, IV v. C. R. Bard, Inc. | 2:19-cv-01559 | New Jersey |
| Philip Merten v. C. R. Bard, Inc. | 2:19-cv-01637 | New Jersey |
| Eileen O'Brien v. C. R. Bard, Inc. | 2:19-cv-01639 | New Jersey |
| Kimberly Watkins v. C. R. Bard, Inc. | 2:19-cv-02312 | New Jersey |
| Richard D. Mozgai v. C. R. Bard, Inc. | 2:19-cv-02444 | New Jersey |
| Lisa M. Anderson v. C. R. Bard, Inc. | 2:19-cv-03122 | New Jersey |
| Carolyn G. Murray v. C. R. Bard, Inc. | 2:19-cv-03607 | New Jersey |

Plaintiff in *Pickraum*, CV-18-04338, is a New Jersey resident who recently filed an amended short form complaint that removes C. R. Bard as a Defendant. Doc. 20625. Because the sole remaining Defendant, Bard Peripheral Vascular, is a citizen of Arizona, diversity jurisdiction now exists in the case. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1154 (9th Cir. 1998) (noting that "Rule 21 specifically allows for the dismissal of parties at any stage of the action" and there "is no requirement that diversity exist at the time of the filing of the complaint"). The case will be transferred to the District of New Jersey in a separate order. *See* Docs. 19899 at 3-6, 20625 at 2.

Plaintiff in *Butterfield*, CV-19-00395, a New Jersey resident, states that she will stipulate to the dismissal of C. R. Bard. Doc. 20210-1 at 8. Plaintiff shall file a stipulation

to dismiss C. R. Bard or an amended short form complaint against only Bard Peripheral Vascular by **October 31, 2019**.

### B. Cases with Plaintiff Profile Form Issues.

As noted, the parties filed updated reports on Track 3 cases with plaintiff profile form ("PPF") issues. Docs. 20066, 20618.

#### 1. Cases with Complete PPFs.

In most of the cases, Plaintiffs have provided PPFs to which Defendants have no objection. *See* Docs. 20066-1, 20618-1. These cases will be transferred to the districts identified as the proper venue in the short-form complaints in an order to follow. *See* Doc. 19899 at 3-6.

#### 2. Cases with No Proper PPF.

Plaintiffs have provided no PPF or a deficient PPF in 25 cases. Docs. 20066-1, 20618-1. In three cases – *Fiset*, CV-19-00198, *Williams*, CV-18-04320, and *Barr*, CV-19-04315 – Plaintiffs seek additional time to provide a PPF. Doc. 20618 at 3-4. Defendants do not oppose the requests. *Id.* The motions for extensions of time (Docs. 20456, 20622) are **granted**. Plaintiffs Fiset, Williams, and Barr shall have until **October 31, 2019** to provide complete PPFs to Defendants. The parties shall provide an updated report on these cases by **November 8, 2019**. The Court may dismiss the cases if no complete PPF is provided by the October 31 deadline. *See* Doc. 19873 at 3.

The Plaintiff in *Sattizahn*, CV-19-04322, has died. Doc. 20618 at 2. The parties stipulate to the dismissal of the case. *Id.*; Doc. 20618-1 at 2. The stipulation is **granted** and the case is **dismissed without prejudice**.

The other 21 cases in which no complete PPF has been provided will be dismissed without prejudice. Case Management Order No. 5 requires each Plaintiff who directly files a short form complaint in this MDL to provide a complete PPF to Defendants within 60 days of filing the complaint. Doc. 365 at 1. Defendants may seek dismissal of the case if no such PPF is received within 20 days after providing notice of the deficiency to Plaintiff. *Id.*

On July 10, 2019, Defendants identified the Track 3 cases with no complete PPF. Doc. 19445-11 (Exhibit K). The Court ordered Plaintiffs to provide complete PPFs by August 22. Doc. 19874 at 3. This deadline was extended to August 30 for some Plaintiffs based on prior stipulations between the parties. Doc. 19936.

Defendants now seek dismissal of each case in which no complete PPF has been provided. Doc. 20066 at 2. Plaintiffs' Co-Lead Counsel request that counsel of record for each individual case be given an opportunity to respond to a separate motion to dismiss, but no reason is given for this request. *Id.* In each case, a PPF was required no later than August 30, 2019. *See* Docs. 19798-11, 19936-1. Plaintiffs were notified of the PPF deficiencies more than two months ago. Doc. 19798-11. On August 7, 2019, the Court explicitly warned Plaintiffs that their cases may be dismissed if no complete PPF was provided. Doc. 19873 at 3. No Plaintiff has demonstrated good cause for the failure to provide a complete PPF. Defendants' request is **granted** and the following cases are **dismissed without prejudice**:

| Case Caption | Case Number |
|---|---|
| Andrea Dancy v. C. R. Bard, Inc. | 2:19-cv-02016 |
| Rachel Lyons v. C. R. Bard, Inc. | 2:19-cv-04182 |
| David Stowe v. C. R. Bard, Inc. | 2:19-cv-04270 |
| Charles Hill v. C. R. Bard, Inc. | 2:19-cv-01620 |
| Michelle Camp v. C. R. Bard, Inc. | 2:19-cv-04275 |
| Gayle Bays v. C. R. Bard, Inc. | 2:19-cv-04264 |
| Rosemary Wightman v. C. R. Bard, Inc. | 2:19-cv-03930 |
| Cassie Wade-Cook v. C. R. Bard, Inc. | 2:18-cv-01999 |
| Jackie Sharon Berryman v. C. R. Bard, Inc. | 2:19-cv-04048 |
| Joseph Maloney v. C. R. Bard, Inc. | 2:19-cv-03936 |
| Linda Henry v. C. R. Bard, Inc. | 2:19-cv-04218 |
| Angela Cummings v. C. R. Bard, Inc. | 2:18-cv-01561 |
| Sean Crosby v. C. R. Bard, Inc. | 2:19-cv-03987 |

| LaWanda Smith v. C. R. Bard, Inc. | 2:19-cv-03992 |
| --- | --- |
| Verlon Freeman v. C. R. Bard, Inc. | 2:19-cv-03758 |
| Joe R. Garza v. C. R. Bard, Inc. | 2:19-cv-03449 |
| Juanita M. Chaires v. C. R. Bard, Inc. | 2:19-cv-03463 |
| Belinda Hankins v. C. R. Bard, Inc. | 2:19-cv-03940 |
| Barry L. Nowlin v. C. R. Bard, Inc. | 2:19-cv-01179 |
| Andrew Tetrault v. C. R. Bard, Inc. | 2:18-cv-01602 |
| Christina Shepherd v. C. R. Bard, Inc. | 2:19-cv-02906 |

**C.　Cases with Service of Process Issues.**

The parties previously identified 100 Track 3 cases that were not served on Defendants. Doc. 19798-7. The Court gave each Plaintiff until August 29, 2019 to send the short form complaint and a request for waiver of service to Defendants' counsel. Doc. 19874 at 4. According to the parties' updated report, all Plaintiffs have served their complaints with the exception of the Plaintiff in *Cornelius*, CV-19-02716, who has indicated that the case will be dismissed. Docs. 20209 at 2, 20209-2 at 4. Plaintiff Cornelius shall file a stipulation of dismissal by **October 31, 2019**. The remaining cases will be transferred to appropriate districts.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2019.

David G. Campbell
Senior United States District Judge

- 7 -